UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-50111 |
| versus | JUDGE STAGG |
| TIMOTHY WELCH | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Before the court is **Defendant's Motion to Suppress (Doc. 18)**. For the reasons that follow, it is recommended that the Motion to Suppress be denied.

**The Facts**

An evidentiary hearing was held on the Motion to Suppress on August 2, 2006. The evidence at the hearing establishes that Trooper Joseph Mondello of Louisiana State Police was traveling westbound on I-20 on February 3, 2003, when he heard a transmission over his police radio concerning a recent home invasion. The radio transmission indicated that, as part of the home invasion, two Cadillac Escalades had been stolen. Trooper Mondello, who was off-duty at the time he heard the radio transmission, observed two vehicles that matched the description of the two stolen Escalades. According to Trooper Mondello, three vehicles appeared to be traveling together: the two Escalades and a gray and maroon Chevrolet Suburban.

Trooper Mondello notified dispatch that he was behind vehicles that matched the description of the stolen vehicles. Because Trooper Mondello had received information that the suspects in the home invasion may be armed, he did not attempt to stop the vehicles at that time. Instead, he requested assistance from another office, and that officer attempted to initiate a traffic stop of the three vehicles.

The three vehicles refused to stop. Two of the vehicles exited I-20 at the I-220 By-Pass. However, the Escalade which was driven by Defendant continued westbound on I-20 at speeds in excess of 100 mph with Trooper Mondello in pursuit.

At Trooper Mondello's request, road spikes were deployed on the roadway, and the Escalade driven by Defendant eventually stopped. Defendant abandoned the Escalade and fled on foot. Trooper Mondello pursued Defendant and captured him.

When Trooper Mondello returned with Defendant to the area where the Escalade was abandoned, he was met by members of the Bossier City Police Department, who notified Trooper Mondello that a handgun was located in plain view on the front seat of the Escalade.

Trooper Christopher Shaw also arrived on the scene. While Trooper Mondello normally would have conducted an inventory of the Escalade because he arrested the driver (Defendant), Trooper Mondello was extremely winded as a result of the foot pursuit. Therefore, Trooper Shaw conducted the inventory of the Escalade. When Trooper Shaw approached the Escalade, members of the Bossier City Police Department also told him that a handgun was located in plain view on the front seat of the vehicle. Officer Shaw then

began his inventory of the vehicle. He opened the passenger door and immediately saw the handgun on the front seat.

The Escalade driven by Defendant was owned by Jimmy Davis, Jr. The vehicle was not owned by Defendant nor did Defendant have permission of the owner to drive it.

**The Motion to Suppress**

Defendant has been charged in a one count indictment with possession of a firearm by a convicted felon. He moves to suppress the search of the vehicle (and the discovery of the handgun) on the basis that the search was an illegal warrantless search unsupported by probable cause, reasonable suspicion or any other legal justification. The Government opposes the motion to suppress, arguing that Defendant lacks standing to complain about the search of the stolen vehicle and, in any event, the handgun was discovered in plain view. The Government also argues that the search was a valid search incident to Defendant's arrest. The Government further argues that the search was a valid inventory search. Because Defendant lacks standing to complain about the search of the vehicle, the court need not address the alternative arguments made by the Government in support of the search.

**Law and Analysis**

The Courts which have addressed the issue, including the Fifth Circuit, have held that a possessor of a stolen vehicle has no legitimate expectation of privacy in the vehicle and, therefore, has no standing to contest a warrantless search of that vehicle. United States v. Lanford, 838 F.2d 1351 (5th Cir. 1988); United States v. Tropiano, 50 F.3d 157 (2nd Cir.

1995). United States v. Fitzgerald, 2006 WL 1704927 (N. D. Ohio 2006); United States v. Hensel, 672 F.2d 578 (6th Cir.) cert. denied, 457 U.S. 1107 (1982); United States v. Hargrove, 647 F.2d 411 (4th Cir. 1981).

The evidence establishes convincingly that the Cadillac Escalade driven by Defendant and containing the handgun had been stolen just prior to the high speed chase and the discovery of the handgun in plain view. Defendant had no possessory interest in the vehicle because it belonged to Mr. Davis, and Mr. Davis did not grant Defendant permission to drive or possess the vehicle. Thus, Defendant had no legitimate expectation of privacy in the stolen vehicle or its contents. Therefore, he lacks standing to challenge any search of that vehicle.

Furthermore, Defendant voluntarily abandoned the vehicle after the high speed chase was terminated. The Fifth Circuit has never doubted that the abandonment principle justifies a police search of a car that was left on a highway by a fleeing suspect following a high speed chase. U.S. v. Gonzales, 912 F.Supp. 256, 257-258 (S.D. Tex. 1995), citing U.S. v. Williams, 569 F.2d 823, 826 (5th Cir. 1978). See also United States v. Barlow, 17 F.3d 85, 88 (5th Cir. 1994)(abandoned vehicle may be inspected by police and police may open locked trunk). Defendant has no standing to complain about the search of property that he has voluntarily abandoned. U.S. v. Quiroz-Hernandez, 48 F.3d 858, 864 (5th Cir. 1995).

Accordingly;

**IT IS RECOMMENDED** that Defendant's **Motion to Suppress (Doc. 18)** be **denied.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Cr. P. 59(b)(2). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of August, 2006.

> _____
> MARK L. HORNSBY
> UNITED STATES MAGISTRATE JUDGE