
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE _____

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                                   CRIMINAL NO. 05-50111-01
                                                 JUDGE TOM STAGG

TIMOTHY WELCH

## SENTENCING MEMORANDUM

Timothy Welch ("Welch") pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The base offense level is fourteen. A four point enhancement is appropriate pursuant to U.S.S.G. § 2K2.1(b)(5) because Welch used or possessed the firearm in connection with other felony offenses, i.e., armed robbery, theft over $500.00, and aggravated flight from an officer.[1] A three level reduction for acceptance of responsibility is also appropriate, resulting in a total offense level of fifteen. Welch has six criminal history points, resulting in a criminal history category of IV. The suggested Guideline sentencing range is between thirty and thirty-seven months. The

---

[1] An enhancement under section 2K2.1(b)(5) requires the presence of only one felony offense. The court notes that Welch was charged with three different offenses which each, alone, satisfy the enhancement provisions.

suggested range for supervised release is between two and three years.

Welch has filed two objections to the Presentence Report.

**Paragraph 21 of the Presentence Report**

Welch objects to Paragraph 21 of the Presentence Report, contending that he should not receive the section 2K2.1(b)(5) enhancement for the use or possession of a firearm in connection with another felony offense. In short, he argues that he should not receive enhancements for using or possessing a firearm when the conviction at issue is possession of a firearm by a convicted felon. Welch essentially believes he is being penalized twice for the same conduct-- possession of a firearm.

The critical fact, however, is that section 2K2.1(b)(5) allows an enhancement not solely for the possession or use of a firearm, but rather for the possession or use of a firearm *in connection with another felony offense*. Here, Welch used a firearm in connection with three other offenses-- armed robbery, theft over $500.00, and aggravated flight from an officer. See PSR, paragraphs 4-15. Further, section 2K2.1(a) of the Guidelines provides for a base offense level of fourteen if the defendant was a prohibited person (i.e., a convicted felon) at the time of the offense. The following provision, section 2K2.1(b), provides **enhancements** for "specific offense characteristics," such as the four level enhancement applied here for possession or use of a firearm in connection with another felony offense. This

enhancement is in accordance with the Guidelines and the objection is **overruled**.

**Paragraph 35 of the Presentence Report**

Welch objects to Paragraph 35 of the Presentence Report, in which he is assessed two additional criminal history points for an alleged crime that occurred on March 19, 2003. Welch vaguely contends, "This offense, if held against the defendant should not add two points due to the nature, date and type of offense." Other than this ambiguous statement, there is no indication of what this objection is about. Welch cites no Guideline provision which would weigh against the two point enhancement, nor does he cite any legal authority or factual explanation to allow the court to understand the basis of his objection.

The enhancement is appropriate, pursuant to U.S.S.G. § 4A1.2(a)(1), which provides, "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." The defendant committed the instant offense while on probation for possession of crack cocaine. Thus, U.S.S.G. § 4A1.1(d) is applicable. The objection is overruled.

The court is deeply troubled by the criminal behavior detailed in the Presentence Report. Timothy Welch's total offense level of fifteen fails to adequately represent the seriousness of his criminal conduct. He, along with others,

entered another's home, armed with handguns, and proceeded to rob those inside. The men tied up the occupants before fleeing the premises with two stolen Cadillac Escalades. After being alerted to the criminal activity, State Troopers began a pursuit of the stolen vehicles. The drivers of the stolen Escalades failed to yield to mounting police pressure, thus necessitating the use of road spikes. Welch, the driver of one of the stolen vehicles, drove his Escalade over the road spikes, causing the vehicle's tires to lose pressure. The vehicle then began to decelerate. Welch was not deterred, though, and continued his attempt to flee, nearly causing numerous accidents due to his reckless driving. Approximately two miles later, only after the vehicle's front passenger side tire came off of the wheel, Welch lost control of the Escalade and traveled off the interstate into a ditch. Once the vehicle stopped, Welch fled on foot until he was eventually captured by authorities. When the Escalade was later inventoried, police discovered in plain view a loaded Beretta pistol, containing a magazine with sixteen rounds of ammunition, resting on the driver's seat.

This series of events details a man determined to evade capture, regardless of the numerous risks he posed to the safety of others on the road, as well as the safety of the authorities pursuing him. Welch was not apprehended voluntarily, but rather only because he was forced to abandon his chosen method of flight-- the stolen

Escalade-- when use of the road spikes successfully controlled the Escalade's progression and his only way out was to flee on foot.

Timothy Welch was detained through sheer force, determination, and the successful efforts of law enforcement-- not because he peacefully surrendered. His involvement in the instant offense demonstrates his total disregard for the law and for the safety and well-being of others.

Based on Welch's conduct, the court finds a two level enhancement is appropriate pursuant to U.S.S.G. § 3C1.2, which provides, "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."[2] Although this particular provision was not mentioned in the presentence report, it is both applicable and warranted. This enhancement results in a total offense level of seventeen, with a resulting sentencing range of thirty-seven to forty-six months. Having considered the factors set forth in 18 U.S.C. § 3553(a), the court determines that a term of imprisonment of forty-six months is reasonable and

---

[2] Application note one states that the section 3C1.2 enhancement is not to be applied if the "offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." For the record, the section 2K2.1(b)(5) enhancement was assessed for the felony offense of armed robbery. Thus, the aggravated flight from an officer crime is not being counted twice.

is warranted by the facts of the offense.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of January, 2007.

                                                       JUDGE TOM STAGG